UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
COURT FILE NO:  CV-

| | | |
|---|---|---|
| **MYRONNA WILSON, an individual** | ) | |
| **Plaintiff** | ) | |
| v. | ) | **COMPLAINT** |
| **ALLIED INTERSTATE, INC.** | ) | |
| And | ) | |
| **ALLIED INTERSTATE, LLC** | ) | |
| **Defendants** | ) | **JURY TRIAL DEMANDED** |

**COMPLAINT**

**I.  JURISDICTION AND VENUE**

1. Jurisdiction of this Court arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 *et seq* (hereinafter "FDCPA"), Pennsylvania Fair Credit Extension Uniformity Act, 73 Pa.C.S. 2270.1 *et seq* (hereinafter "FCEUA") and Pennsylvania Unfair Trade Consumer Protection Law, 72 Pa.C.S 201-1, *et seq* (hereinafter "UTCPL"), which prohibit debt collectors from engaging in abusive, false, deceptive, misleading and unfair practices.

2. Venue is proper in this District because Defendants transact business here.

**II.  PARTIES**

3. Plaintiff, Myronna Wilson ("Plaintiff"), is a natural person and is a "consumer" as that term is defined by 15 U.S.C. section 1692a(3).

4.      Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, in this case, a credit card, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

5.      Defendant, Allied Interstate, Inc. is upon information and belief, a corporation whose registered agent is CT Corporation System, 1300 East Ninth Street, Cleveland, OH 44114, at all time relevant herein, operated as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and FCEUA, 73 P.S. § 2270.3 and acted by and through its owners, managers, officer, shareholders, authorized representatives, partners, employees, agents and/or workmen.

6.      Defendant, Allied Interstate, LLC is, upon information and belief, a limited liability company whose principal executive office address is 12755 State Highway 55, Suite 300, Plymouth, MN 55441, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and FCEUA, 73 P.S. § 2270.3 and acted by and through its owners, managers, officer, shareholders, authorized representatives, partners, employees, agents and/or workmen.

7.      At all times material and relevant hereto, Defendants are jointly, severally, individually, vicariously and/or equitably liable to Plaintiff.

8.      Defendants Allied, Inc and Allied, LLC (collectively referred to as "Allied" or "Defendants"), at all times relevant hereto, were persons who used an instrumentality of interstate commerce or the mails in a business the principal purpose of which was the collection of debts, who regularly collected or attempted to collect, directly or indirectly, debts owed or due asserted to be owed or due another, and/or who, in the process of collecting its own debts,

used a name other than its own which would indicate that a third person was collecting or attempting to collect such debts.

### III.  FACTUAL ALLEGATIONS

9.      Beginning in April, 2011, Defendants have repeatedly called Plaintiff's home telephone and has left many messages, some incomplete.  Examples of these messages are as follows:

<u>April 25, 2011</u>

"877-253-9334"

<u>April 26, 2011</u>

"877-253-9334"

<u>April 26, 2011</u>

Music.  "This message concerns personal business."  Music.  "There are no agents available to take your call.  We will have to call you back later.  We're sorry for any inconvenience.  Thank you.  Goodbye."

<u>September 15, 2011</u>

at 1-877-253-9334.

<u>September 19, 2011</u>

It's really important you call us back at 1-877-253-9334.

<u>September 20, 2011</u>

It's really important you call us back at 1-877-253-9334.

<u>September 27, 2011</u>

It's really important you call us back at 1-877-253-9334.

<u>September 28, 2011</u>

It's really important you call us back at 1-877-253-9334.

October 4, 2011

It's really important you call us back at 1-877-253-9334.

October 5, 2011

It's really important you call us back at 1-877-253-9334.

October 6, 2011

It's really important you call us back at 1-877-253-9334.

October 7, 2011

It's really important you call us back at 1-877-253-9334.

October 10, 2011, 4:34 p.m.

It's really important you call us back at 1-877-253-9334.

October 12, 2011, 4:25 p.m.

It's really important you call us back at 1-877-253-9334.

October 13, 2011, 4:52 p.m.

It's really important you call us back at 1-877-253-9334.

## IV. CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. section 1692, et seq.

10. Plaintiff incorporates her allegations of paragraphs 1 through 9 as though set forth at length herein.

11. Defendants' actions as aforestated are false, deceptive, material and misleading to Plaintiff as follows:

    (a) Defendants violated 15 U.S.C. § 1692d(5) by causing the phone to ring repeatedly with the intent to annoy and harass.

(b)     Defendants violated 15 U.S.C. § 1692d(6) by making telephone calls without disclosing their identity as shown by the aforesaid messages.

(c)     Defendants violated 15 U.S.C. § 1692e(11) by failing to disclose that the communication is from a debt collector and/or use the "mini-Miaranda" warning in its' messages.

12.     As a direct and proximate result of the Defendants' illegal collection efforts, Plaintiff has suffered damages in the form of attorney's fees, costs and expenses.

13.     As a direct and proximate result of Defendants' illegal collection efforts and communications, Plaintiff has suffered mental anguish, emotional distress, anger, anxiety, and frustration, fear, embarrassment and humiliation.

14.     Plaintiff has been seriously damaged by Defendants' violations of the FDCPA and is entitled to actual damages, compensatory damages, costs and attorneys fees.

15.     As a result of the foregoing violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages, attorney's fees and costs in accordance with 15 U.S.C. § 1692k.

## CLAIMS FOR RELIEF

16.     Plaintiff incorporates by reference paragraphs 1 through 15 of this Complaint as though fully set forth herein.

17.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692, et seq.

18.     As a result of each of Defendants' violations of the FDCPA, Plaintiff is therefore entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in amount

up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Myronna Wilson, prays that judgment be entered against each and every Defendant for the following:

(1) Actual damages;

(2) Statutory damages in the amount of $1,000.00;

(3) Reasonable attorney's fees and costs;

(4) Declaratory judgment that the Defendants' conduct violated the FDCPA;

(5) Such other and further relief that the Court deems just and proper.

## COUNT II
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
### (FCEUA, 73 Pa. C.S § 2270.1, et. seq.

19. Plaintiff incorporates her allegations of paragraphs 1 through 18 as though set forth at length herein.

20. Defendants violated FCEUA, 73 P.S. § 2270.4(a), because any violation of FDCPA by a debt collector, as set forth above, constitutes an unfair or deceptive debt collection act or practice under FCEUA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Myronna Wilson, prays that judgment be entered against each and every Defendant for the following:

(1) An Order declaring that Defendants violated the FCEUA;

(2) Actual damages;

    (3)    Treble damages;

    (4)    Reasonable attorney's fees and costs;

    (5)    Such other and further relief that the Court deems just and proper.

### COUNT III
### VIOLATIONS OF PENNSYLVANIA UNFAIR TRADE CONSUMER PROTECTION LAW
### ("UTCPL"), 73 Pa. C.S § 201-1, et. seq.

21. Plaintiff incorporates her allegations of paragraphs 1 through 20 as though set forth at length herein.

22. Defendants violated UTPCPL, because, pursuant to FCEUA, 73 P.S. § 2270.5(a), any unfair or deceptive debt collection act or practice under FCEUA by a debt collector or credit, as set forth above, constitutes a violation of UTPCPL.

23. Other unfair or deceptive acts or practices defined as such in 73 P.S. §201-2(4) committed by Defendants include, but are not limited to, the following:

    Defendants engaged in fraudulent or deceptive conduct which would create the likelihood of confusion or of misunderstanding.

24. Pursuant to UTPCPL, 73 P.S. § 201-3, such acts and practices are unlawful.

### PRAYER FOR RELIEF

    WHEREFORE, Plaintiff, Myronna Wilson, prays that judgment be entered against Defendant for the following:

    (1)    An Order declaring that Defendant violated the UTCPL

    (2)    Actual damages;

    (3)    Treble damages;

    (4)    Reasonable attorney's fees and costs;

(5) Such other and further relief that the Court deems just and proper.

## COUNT IV
### VIOLATIONS OF THE U.S. TELEPHONE CONSUMER PROTECTION ACT OF 1991 ("TCPA") AND 47 C.F.R. 64.1200, ET SEQ.

25. Plaintiff incorporates her allegations of paragraphs 1 through 24 as though set forth at length herein.

26. Defendants unfairly, unlawfully, intentionally, deceptively and fraudulently violated the TCPA, 47. U.S.C. §227, et seq. and 47 C.F.R. 64.1200, et seq.

27. The violations of Defendants include, but are not limited to, the following:

> a. Used automatic telephone dialing systems that had capacity to store or produce telephone numbers using random or sequential number generation and dialed the telephone number associated with the Plaintiff.
>
> b. Initiated telephone calls to Plaintiff's residential telephone line using artificial and/or prerecorded voice to deliver messages without the express consent of the Plaintiff to initiate telephone calls to Plaintiff's residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of Plaintiff and thereby violated the TCPA, 47 U.S.C. §227(b) (1) (B).
>
> c. Initiated communication to the Plaintiff using an automatic telephone dialing system that was not in compliance with the technical and procedural standards prescribed by the TCPA, 47 U.S.C. §227(b) (1) (A).
>
> d. Initiated communication to the Plaintiff that failed to automatically release the Plaintiff's line within five (5) seconds of the time notification is transmitted to the system that the Plaintiff has hung up to allow for the Plaintiff's line to be used to make and/or receive other telephone calls and thereby violated the TCPA, 47 U.S.C. §227(d) (3) (B).
>
> e. Initiated artificial and/or prerecorded telephone communications to Plaintiff while failing at the beginning of the communication to state clearly their registered name identity in violation of 47 C.F. R. 64.1200 (b) (1).

28. The acts and/or omissions of Defendants as afore-described were done unfairly, unlawfully, intentionally, deceptively and fraudulently with the express and sole purpose of

unfairly, unlawfully, intentionally, deceptively and fraudulently coercing Plaintiff to pay the alleged debt despite the Plaintiff owing no obligation.

29. The acts and/or omissions of Defendants, as afore-described were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

30. Since there was no established business relationship between Plaintiff and Defendants, the acts and/or omissions of Defendants were not acted or omitted pursuant to 47 C.F.R 63.1200 (f) (2) (regarding established business relationships).

31. As a direct and proximate result of the above violations of the TCPA, Defendants caused Plaintiff to sustain damages as a result of their innumerable telephone calls that harassed, annoyed and abused Plaintiff, and disturbed the peace and tranquility of her home.

32. As a direct and proximate result of the above violations of the TCPA, Defendants caused Plaintiff to sustain damages and experience severe and ongoing emotional, psychological, and physical distress and physical responses to the repeated telephone calls.

33. As a direct and proximate result of the above violations of the TCPA, Defendants are liable to Plaintiff for declaratory judgment that the Defendants' conduct violated the TCPA, and Plaintiff's actual damages, statutory damages, treble damages, and costs and attorney fees.

34. Defendants made fifteen (15) telephone calls to Plaintiff that violate the TCPA, resulting in seven thousand five hundred dollars ($7,500.00) in damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Myronna Wilson prays that judgment be entered for her against each and every Defendant for the following:

(1) An Order declaring that Defendant violated the TCPA;

(2)     Statutory damages of $500.00 per telephone call;

(3)     Actual damages;

(4)     Treble damages;

(5)     Reasonable attorney's fees and costs;

(6)     Such other relief that the Court deems just and proper.

## V.  DEMAND FOR JURY TRIAL

35.     Plaintiff incorporates her allegations of paragraphs 1 through 34 as though set forth at length herein.

36.     Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7.Fed.R.Civ.P.38.

>                               Respectfully submitted,
>
>                               Mpf8441/s/*Michael P. Forbes*
>                               Law Office of Michael P. Forbes, P.C.
>                               By: Michael P. Forbes, Esquire
>                               Attorney for Plaintiff
>                               Attorney I.D. #55767
>                               200 Eagle Road
>                               Suite 220
>                               Wayne, PA 19087
>                               (610 293-9399
>                               (610)293-9388 (Fax)
>                               michael@mforbeslaw.com
>
>                               *Attorney for Plaintiff, Myronna Wilson*